828 F.2d 20
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. REINGLASS, M.D., Plaintiff-Appellant, Cross-Appellee,
v.
STATE OF OHIO, STATE MEDICAL BOARD; William J. Lee; Leonard
L. Lovshin, M.D.; Joseph P. Yut, M.D.; William W.
Johnston; and Henry G. Cramblett, M.D.,
Defendants-Appellees, (86-3675),
William J. Lee & Henry G. Cramblett, M.D.,
Defendants-Appellees, Cross-Appellants, (86-3694).
 Nos. 86-3675, 86-3694
 United States Court of Appeals, Sixth Circuit.
 September 1, 1987.
 
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this action under 42 U.S.C. Sec. 1983 from the United States District Court for the Northern District of Ohio, plaintiff James Reinglass appeals from an order granting summary judgment to defendants Lovshin, Yut, and Johnston. Defendants Lee and Cramblett cross-appeal from the denial of their summary judgment motion.
 
 
 2
 Plaintiff Reinglass is a physician licensed to practice in Ohio. The defendants are present or former members of the State Medical Board. In August 1983 plaintiff was summoned to an informal meeting with Lee and Cramblett, where they discussed reports the Board had received that Reinglass had a drug addiction. At this meeting plaintiff signed a 'consent agreement' whereby plaintiff agreed to appear before the Board whenever asked and to submit to periodic urine samples and auditing of prescriptions that he gave for certain drugs. Over the next year defendants summoned plaintiff to several meetings where they questioned him about drug use and his compliance with the consent agreement. In August 1984 plaintiff told defendants that he thought the consent agreement was invalid and that if they wanted to limit his right to practice they would have to institute formal proceedings. In February 1985 the Board instituted formal disciplinary proceedings, and in April 1985 a Cleveland newspaper printed an article that described the consent agreement.
 
 
 3
 Plaintiff alleges that defendants Lee and Cramblett had no authority to make the consent agreement and that they did so by coercion, threatening plaintiff with the loss of his license if he did not sign the agreement. He also alleges that the limitations imposed in the consent agreement were in areas beyond the Board's control. He alleges that defendants revealed to the press information that they had promised to keep confidential. He claims violations of his rights to due process, privacy, and equal protection and demands damages but no injunctive relief.
 
 
 4
 The district court granted summary judgment for defendants Lovshin, Yut, and Johnston on the basis of qualified immunity but denied the immunity defense of Lee and Cramblett. The court ruled that because Lee and Cramblett would probably take an immediate apeal there was no just reason to delay the plaintiff's appeal of the judgment for the other defendants.
 
 
 5
 Ohio Rev. Code Sec. 4731.22(B) provides that the State Medical Board can limit a physician's right to practice by a vote of six members. Plaintiff argues that the consent agreement was invalid because it was not put to a vote of the Board. The district court rejected this argument and held that this provision only applies to limitations that the Board imposes against a physician's will, not to limitations that the physician voluntarily submits to. However, the court held that the consent agreement was illegally obtained if it was obtained by coercion. The court held there was a material dispute whether Lee and Cramblett used coercion to obtain the agreement, but that the other defendants are immune because they were involved only in carrying out the agreement. Plaintiff argues that the latter ruling was error.
 
 
 6
 Lee and Cramblett argue that because they had the right to institute proceedings to revoke plaintiff's license, there was nothing illegal about their threat to do so if he did not enter te consent agreement. Plaintiff argues that Lee and Cramblett are subject to the subjective 'bad faith' standard for immunity of Board members in Ohio Rev. Code Sec. 4731.22(D) and that there must be a trial on whether Lee and Cramblett made the threat in bad faith.
 
 
 7
 Defendants also argue that plaintiff has no due process claim under section 1983 because his claim is based on procedural due process and there were adequate state remedies for invalidation of the consent agreement and for damages. On the privacy claim, defendants argue that the information supplied to the newspaper was part of the legally required public record of plaintiff's formal disciplinary proceeding. Finally, defendants claim absolute immunity. The district court rejected this claim on the authority of Marion v. Mich. Bd. of Medicine, 765 F.2d 590 (6th Cir. 1985).
 
 
 8
 Upon consideration the court is of the opinion that the district court should have dismissed this lawsuit as to the only remaining defendants for three reasons. First, it having appeared that the plaintiff doctor had never been precluded altogether from carrying on his profession as a doctor of medicine, the court is of the opinion that the limitations placed upon the doctor by the State Medical Board and by the defendants did not themselves represent cognizable inhibitions upon any liberty or property interest which was created by the State of Ohio in connection with the doctor's right to practice medicine. Second, to the extent such limitations may have impacted upon a state-created liberty or property interest, the court is of the opinion that Ohio's procedures were not shown to have been defective and that therefore defendant has failed to show that the State of Ohio or the remaining defendants here denied him procedural due process. See Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983); Wilson v. Beebe, 770 F.2d 578 (6th Cir. 1985) (en banc). Finally, the court is of the opinion that, assuming the defendants, as held by the district court, have only a qualified and not an absolute immunity, there has been a total failure on the part of the plaintiff to establish any facts which if true would show that the defendants violated a clearly established constitutional right of the plaintiff of which the defendants should have known at the time that right was supposedly violated.
 
 
 9
 Accordingly, the judgment of the district court is VACATED and the cause REMANDED with directions to dismiss the complaint.